IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

v.  CRIMINAL ACTION NO. 2:20-cr-00157

JOEL GONZALES-GOMEZ

**MEMORANDUM OPINION AND ORDER**

Pending before the court is Defendant Joel Gonzales-Gomez's Motion for Compassionate Release. [ECF No. 35]. For the following reasons, Mr. Gonzales-Gomez's motion is **DENIED**.

**I. Background**

Mr. Joel Gonzales-Gomez pleaded guilty to conspiracy to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. § 846 and reentry of a removed alien in violation of 8 U.S.C. § 1326(a), as charged in Counts 1 and 2 of the Information filed against him. [ECF No. 15]. I sentenced Mr. Gonzalez-Gomez to 135 months imprisonment on Count 1 and 120 months imprisonment on Count 2, to be served concurrently. [ECF No. 15]. In addition, Defendant was sentenced to 4 years Supervised Release on Count 1 and 3 years supervised release on Count 2, to be served concurrently. *Id*. At sentencing, I noted that Mr. Gonzalez-Gomez was responsible for approximately 4 kilograms of methamphetamine entering West Virginia.

Mr. Gonzalez-Gomez has now filed a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) and (c)(2) ("Compassionate Release"). [ECF No. 35]. Mr. Gonzalez-Gomez first argues that, given the Bureau of Prisons (BOP) decision to assess him as someone

with a low-risk recidivism level, he should be permitted to earn additional credit for time served pursuant to the First Step Act. *Id* at 7. Second, Mr. Gonzalez-Gomez argues the Court should reconsider the 16 additional enhancement points due to the sentencing disparity between Defendants based on the "purity levels" of the drugs at issue. *Id* at 8. Finally, the Defendant suggests that the section 3553(a) factors warrant a reduction in his sentence or a conversion of his sentence to home confinement due to the lack of danger he poses to the community at large. *Id* at 9.

## II. Legal Standard

Generally, courts may not modify a term of imprisonment once it has been imposed. 18 U.S.C. § 3582(c). However, the First Step Act allows district courts to determine whether "extraordinary and compelling reasons" exist to reduce a criminal defendant's sentence. *United States v. Henderson*, No. 2:99-CR-00214-1, 2020 WL 7264461, at *2 (S.D. W. Va. Dec. 10, 2020) (citing *United States v. Galloway*, No. RDB-10-0775, 2020 WL 2571172, at *3 (D. Md. May 21, 2020)). A defendant, after exhausting his administrative remedies, may file a motion on his own behalf for a sentence reduction. 18 U.S.C. § 3582(c)(1)(A). A district court must determine (1) whether extraordinary and compelling reasons warrant a reduction; (2) whether any reduction is consistent with the sentencing commission's policies; and (3) whether the 18 U.S.C. § 3553(a) factors favor release. *United States v. Malone*, 57 F.4th 167, 173 (4th Cir. 2023).

## III. Analysis

### A. Administrative Remedies

In order to exhaust his administrative remedies, a defendant must (1) request the Bureau of Prisons ("BOP") to bring a motion on his behalf and (2) give the BOP thirty days to respond

to such request. *Henderson*, 2020 WL 7264461, at *2. If the BOP denies the request or thirty days has elapsed since the request was filed, the defendant may then bring his own motion. *Id.*; 18 U.S.C. § 3582(c)(1)(A).

Mr. Gonzalez-Gomez asserts that he sent a request for a sentence reduction to the BOP on July 1, 2024, and as of the filing of his motion he had received no response from the Warden of FCI McDowell. [ECF No. 35, at 3]. Mr. Gonzalez-Gomez has since supplemented his filing to include the Warden's denial of his request for a sentence reduction. [ECF No. 36-1]. Thus, Mr. Gonzalez-Gomez has exhausted his administrative remedies.

*B. Extraordinary and Compelling Reasons*

I now turn to whether there are any extraordinary and compelling reasons to justify compassionate release or a sentence reduction.

When a court imposes a sentence of imprisonment, it is considered the final judgment on the matter, and the court, as a general prohibition, "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. §§ 3582(b), 3582(c)(1)(B). However, a court can modify a sentence where it is "expressly permitted by statute" 18 U.S.C. § 3582(c)(1)(B) or extraordinary and compelling reasons warrant said modification. 18 U.S.C. §§ 3582(b), 3582(c)(1)(A).

The United States Sentencing Commission has promulgated guidelines to aid courts in determining whether an individual has extraordinary and compelling reasons that would warrant a modification of a term of imprisonment. *See* U.S.S.G. § 1B1.13(b).

Mr. Gonzalez-Gomez argues that his willing participation in carceral programing as well as the change in assessment regarding his recidivism risk warrant a sentence reduction under the First Step Act. [ECF No. 35]. These changed circumstances do not implicate any medical issues with the Defendant, his age, or any degree of significant bodily deterioration. In addition, Mr.

3

Gonzalez-Gomez concedes that he has served approximately 50 percent of his sentence. *Id*. Further, the First Step Act allows district courts to consider intervening changes of law or fact in exercising their discretion to reduce a sentence. *See Concepcion v. United States*, 597 U.S. 481, 490 (2022). Given these facts, the Defendant does not assert any matters that would typically warrant extraordinary or compelling reasons.

Defendant states that the "New First Step Law was "clearly [Congress'] intent to apply all credits accrued" to prisoners classified with a low recidivism risk with final deportation orders. However, a prisoner is ineligible to receive time credits if they are the subject of a final order of removal under any provision of immigration laws. 18 U.S.C. § 3632(d)(4)(E). Thus, despite Mr. Gonzalez-Gomez contention, as a prisoner subject to a final deportation order, he is statutorily barred from receiving time credits under the First Step Act. *Gonzalez v. Rokosky*, 2023 WL 10552936 at *3 (S.D. W. Va. Nov. 21, 2023).

Mr. Gonzalez-Gomez also supplements evidence of his changed circumstances with an argument regarding the "purity levels" of the drugs at issue. [ECF No. 35, at 8]. During the Defendant's sentencing hearing, I noted that he brought into the United States approximately 4 kilograms of methamphetamine, of which 5.3 grams were over 90% pure. I continue to possess a longstanding disagreement with the ICE calculations, but the extent and breadth of the offense warrant the sentence. As such, I **FIND** that the Defendant has not established extraordinary and compelling reasons for release.

### C. Section 3553(a) Factors

A district court must determine whether the § 3553(a) factors "weigh against sentence reduction" if the defendant has satisfactorily alleged new extraordinary and compelling reasons for release. *Malone*, 54 F.4th at 176. Though Mr. Gonzalez-Gomez has not provided the court

with extraordinary and compelling reasons favoring a sentencing reduction, I will briefly address and reweigh the sentencing factors as they relate to this case. District courts examine whether release is appropriate based on applicable sentencing factors found in 18 U.S.C. § 3553(a). *United States v. Bethea*, 54 F.4th 826, 831 (4th Cir. 2022).

As mentioned above, Mr. Gonzalez-Gomez is responsible for vast amounts of drugs entering our community. In a Presentence Investigation Report, the assigned probation officer concluded Mr. Gonzalez-Gomez conspired with others to distribute 4,495.94 grams of methamphetamine, 5.3 grams of 90% pure methamphetamine, 240 milligrams of oxycodone, 28.429 grams of cocaine, and 42.222 grams of fentanyl. I cannot ignore his willingness to return to the United States after being removed several times to continue drug trafficking. Reconsidering the 3553(a) factors above, I find that his sentence is warranted.

### IV. Conclusion

Defendant's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) and (c)(2) (Compassionate Release), [ECF No. 35], is **DENIED**. The court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER:    October 30, 2024

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE